**SO ORDERED.**

**SIGNED this 21 day of December, 2020.**



_____
**David M. Warren**
**United States Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| IN RE: | |
|---|---|
| ANGELA NADANA WILLIAMS, | Case No. 20-00416-5-DMW |
| | Chapter 13 |
| Debtor. | |

## ORDER TERMINATING THE AUTOMATIC STAY

ON THIS DAY came on to be heard the Motion of Performance Finance ("PF"), by and through counsel, seeking relief from the automatic stay of an act against property. The Court having considered the Motion and the record in this case finds and concludes as follows:

1. Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 31, 2020. John F. Logan is the appointed Chapter 13 Bankruptcy Trustee in this case.

2. On or about March 16, 2019, Debtor executed a Promissory Note, Disclosure and Security Agreement (the "Contract") to finance the purchase of a **2015 Harley-Davidson FLHXS Street Glide Special; Vehicle Identification No. 1HD1KRM14FB699506** (the "Collateral").

3. The payoff due under the Contract to PF through November 19, 2020, is $18,420.35, which includes an arrears balance of $1,501.58. The last payment applied to Debtor's account was dated June 15, 2020, in the amount of $760.00. A payment was also made on October 28, 2020, but was subsequently reversed.

4. The published average retail value for the Collateral is $16,210.00. There is no equity in the Collateral.

5. PF's claim is paid directly by Debtor outside of her Chapter 13 plan.

6. PF further lacks proof of comprehensive insurance coverage on the Collateral.

Based upon the above stipulated facts, the Court concludes as a matter of law that PF is entitled to relief from the automatic stay. Accordingly:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. ORDERED that the Motion of PF is granted; it is further

2. ORDERED that Debtor shall voluntarily release the Collateral to PF or advise it of the location of the Collateral and the name, address, and telephone number of any third party in possession of the Collateral; and it is further

3. ORDERED that PF shall be allowed 120 days from the date of entry of this order to file a general unsecured claim for any outstanding deficiency balance remaining after sale or subsequent disposition of the Collateral.

END OF DOCUMENT